CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 20 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GRADY MORRIS, | CASE NO. 7:11CV00494 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| POCOHONTAS STATE PRISON, | By: James C. Turk |
| | Senior United States District Judge |
| Defendant. | |

Grady Morris, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that that Pocohontas State Correctional Center[1] should pay him monetary damages because his assigned, second-tier bunk did not have an access ladder, which caused him to fall on his face while trying to get out of bed. The court finds that this action must be summarily dismissed.[2]

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The only defendant that Morris names is the prison itself. State prisons like Pocohontas are not "persons" subject to suit under 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Therefore, plaintiff's civil action against this entity must be summarily dismissed under § 1915A(b)(1) as legally frivolous.

---

[1] Although Morris refers to the facility as Pocahontas State Prison, his grievances and other records indicate that it is a correctional center.

[2] The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

In any event, the court is satisfied that Morris' fall from the bunk does not give rise to a constitutional claim against anyone. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, however, Morris must show that one or more prison officials acted with deliberate indifference–that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Plaintiff must also show, objectively, that he suffered a serious injury from the unsafe condition. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

Morris' complaint fails to make either of the required showings. His complaint does not state that he suffered any serious physical injuries from the fall.[3] Even if he could amend to show that he was seriously hurt, however, he also fails to allege facts demonstrating deliberate indifference by anyone. Nothing in his submissions suggests that officials knew before his injury that the lack of access ladders on the bunks posed an excessive risk of serious harm to anyone. Indeed, officers reasonably could have believed that inmates would know to use caution when climbing into and out of upper bunks in order to avoid falls.[4] Possible negligence by officials, in failing to place warning signs and in failing to have the leak repaired sooner, simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the

---

[3] In copies of grievances that Morris submits with the complaint, he claims to have suffered a cut above his left eye which required 8-10 stitches, a broken nose, an injured right shoulder, and an abrasion on his left ankle.

[4] In response to Morris' grievance, officials advised him that the bunk design used at Pocahontas is widely used in Virginia prisons and meets acceptable state building standards.

2

threshold" of constitutional protections). Accordingly, the court will summarily dismiss Morris's claim concerning the injuries he suffered from his bunk accident as legally frivolous, pursuant to § 1915A(b)(1).

For the reasons stated, the court dismisses Morris's complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of October, 2011.

/s/ James C. Turk
Senior United States District Judge